21033

PEOPLES BANK OF BEAUFORT, SOUTH CAROLINA, Appellant, v. EXCHANGE REALTY, INC., M. P. Martin, Jr., and Jimmy Martin Realty, Inc., of which Jimmy Martin Realty, Inc., is the Respondent.

(257 S. E. (2d) 733)

*J. Thomas Mikell* of *Harvey, Battey, Macloskie & Bethea,* Beaufort, *for appellant.*

*Jonathan R. Hendrix* of *Walker, Hendrix & Williams,* Lexington, *for respondent.*

August 20, 1979.

LITTLEJOHN, Justice:

The Court of Common Pleas for Beaufort County entered an order vacating a judgment obtained by the plaintiff Bank against Jimmy Martin Realty, Inc. on the ground that the court which granted the judgment was without jurisdiction. The plaintiff Bank has appealed. We reverse, and hold that Martin cannot now reopen the judgment.

The judgment was obtained because two notes, executed on July 1, 1973, were not paid when due on January 1, 1974. The notes were executed by Exchange Realty, Inc., which has now been succeeded by Jimmy Martin Realty, Inc., whose registered agent is Jimmy L. Martin. The notes not having been paid, plaintiff caused a summons and amended complaint to be forwarded by certified mail, return receipt requested, to Jimmy L. Martin as Registered Agent of Jimmy Martin Realty, Inc., at 1611 Augusta Road, West Columbia, South Carolina. Receipt for this summons and amended complaint was executed on April 29, 1974, by Eva Simpson, as shown by certified mail receipt, with Eva Simpson signing on the printed form as the addressee's agent. Neither the certificate of mailing nor the certified mail re-

ceipt expressly reflect the relationship of Eva Simpson to the corporation.

Counsel for the plaintiff Bank made an affidavit of default on July 9, 1974; a hearing was held on July 16, 1974, and judgment was entered on July 29, 1974.

Motion to vacate the judgment was made on December 16, 1977, and the court filed its order, from which this appeal emanates, on May 31, 1978. The motion to vacate is not printed in the record, but the order appealed from states: "This is a question of jurisdiction." It is obvious that the motion to vacate is not on the ground of excusable neglect coupled with a valid defense, as permitted by the South Carolina Code.

No challenge to the validity of the judgment was made until a letter of July 5, 1977, written by an attorney on behalf of Jimmy Martin Realty, Inc., was sent to the plaintiff's attorney. On the other hand, it is inescapable that Jimmy Martin Realty, Inc. recognized the judgment as valid for a period of almost three years. The affidavit of the Bank's attorney, which is unchallenged, avers:

"9. On numerous occasions after the rendering of the Judgment, Jimmy L. Martin and the undersigned had telephone conversations regarding the payment of the judgment and Jimmy L. Martin did not challenge the jurisdiction of the Court or the validity of the Judgment.

"10. On numerous occasions subsequent to the rendering of the Judgment Jimmy L. Martin and the undersigned corresponded and negotiated the payment of the Judgment and no challenge was ever made by Jimmy L. Martin of the jurisdiction of the Court or the validity of the Judgment. A copy of letters addressed to the undersigned from Jimmy L. Martin dated September 3, 1975; September 7, 1976; October 13, 1976; and October 25, 1976; are attached.

"1. The first indication made known to the undersigned that the jurisdiction of the Court or the validity of the Judg-

ment would be attached (sic) by Jimmy Martin Realty, inc. was by letter to the undersigned from Ronald J. Vaughn, Attorney at Law, dated July 5, 1977."

These averments are fortified by letters (in the record) written by Jimmy L. Martin on December 3, 1975, on September 7, 1976 on October 13, 1976, and on October 25, 1976. These letters may be summarized as efforts to pay the judgment by remitting less than the full amount. None of these letters indicate a challenge of the validity of the judgment or of the debt. They cannot be interpreted as an effort to compromise a questionable judgment or debt. They are recognitions of the judgment and debt, and offers to satisfy them with payment of less than the full amount.

We agree with the lower court that the method of service was not technically in keeping with § 15-9-210, *Code of Laws of South Carolina* (1976). The purpose of process is to place a party on notice such that he may come into court and participate in the proceeding. The default order of the lower court, in 1974, recited, "The Summons and Complaint were duly served upon the Defendant, Jimmy Martin Realty, Inc., on April 24, 1974," and "The Defendants were in fact in default." Here we have an order of the court, obviously recognized and uncontested by the appellant for a period of almost three years. The burden of proof to warrant the disturbance of this judgment is upon the movant. In its challenge of the validity of the judgment, Martin does not assert (1) that it did not receive the summons and amended complaint, nor (2) that Eva Simpson was not in fact its agent, nor (3) that the debt is not owed, nor (4) that it has any valid defense, nor (5) that it has been prejudiced by delivery of the summons and amended complaint by way of certified mail instead of by a process server.

It would have been to Martin's advantage to address these five issues. In light of its failure, we are forced to the conclusion that Martin did receive notice and elected to do

nothing about it. Martin has slept on such rights as it had and will now be denied the right to assert them.

There is no doubt but that the court had jurisdiction of the subject matter of the action. The showing made was not sufficient to warrant vacation of the default order.

"§ 706.   Laches.

"Because of judicial respect for the finality of judgments, and the resulting reluctance to interfere with judgments, the courts in many instances refuse to exercise their power to open or vacate a judgment where it does not appear that the applicant acted with reasonable diligence. Under this rule, unexplained laches on the part of the applicant is deemed sufficient ground for refusing relief to which he might otherwise be entitled. One seeking to avoid a default judgment must show the exercise of due diligence, and relief in such a case may be precluded because of laches.

"What constitutes laches sufficient to deprive an applicant of his right to relief is impossible of dogmatic definition; decisions vary widely, since there must be taken into consideration not only the period of the delay, but also the circumstances of the particular case. Mere delay does not necessarily constitute laches sufficient to bar relief." 46 Am. Jur. (2d) *Judgments*.

The lower court is reversed and the judgment is reinstated.

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.